Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. On May 16, 1995, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date Cincinnati Companies provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on May 16, 1995.
5. On said date the plaintiff was earning an average weekly wage of $447.27.
6. The issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of the employment with the defendant-employer on May 16, 1995; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
7. In this claim the plaintiff is asking for temporary total disability compensation benefits from July 29, 1995 through September 14, 1995, medical benefits and permanent partial disability compensation benefits, and the defendant denies liability for the claim.
8. The plaintiff began his employment with the defendant December 1993 and voluntarily terminated the employment December 1995.
The following exhibits were admitted into evidence:
1. Defendants' Exhibit 1, marked D1, consisting of an investigator's video tape report of plaintiff's activities at White Lake on July 22, 1995.
2. Deposition of Robert Allen, M.D. dated August 26, 1996.
3. Physical therapy records.
***********
Based upon all of the competent evidence of record, the Full Commission ADOPTS IN PART and MODIFIES IN PART the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FADO
1. On May 16, 1995, the plaintiff, 32 years of age, was employed by the defendant-employer as a mechanic.
2. On May 16, 1995 as the plaintiff and a customer of the defendant-employer were carrying an engine block core weighing approximately 300 to 350 pounds while performing the duties of his employment, the customer slipped, causing the weight of the motor to fall upon the plaintiff which resulted in a sharp pain to the plaintiff's low back and right gluteal area and right leg which the plaintiff testified he immediately reported to the employer's owner's stepson, Donald.
3. An I.C. Form 19 was filed by the employer May 18, 1995 which indicated that the plaintiff did not report his injury at the time of occurrence, but called in the following day to report that he had strained his back the previous day. An I.C. Form 18 was filed by the employee August 8, 1995. The defendant-employer did not notify the Industrial Commission of its denial of this claim as required by N.C. Gen. Stat. § 97-18(c). The defendant-employer has not admitted to the plaintiff's right to compensation. The defendant-employer had actual notice of plaintiff's claim of injury at least by May 17, 1995 by their own admission and written notice upon receipt of the I.C. Form 18 on, or shortly after August 8, 1995. The defendants have failed to admit or deny this claim within the time prescribed by N.C. Gen. Stat. § 97-18. The defendants paid compensation to the plaintiff for ten weeks and four days, but did not file the prescribed form with the Commission indicating that they were paying without prejudice. The defendants stopped paying benefits to the plaintiff, but did not send notice of denial of the claim to the Industrial Commission within 90 days as required by N.C. Gen. Stat. § 97-18(d).
4. In 1991, the plaintiff suffered an injury to his low back at L5-S1 resulting in surgery for a ruptured disk and a 15 percent disability of his back.
5. Subsequent to May 16, 1995, the plaintiff sought medical care and treatment of his low back from Dr. Robert Allen, a neurosurgeon, in the course of which medical treatment the plaintiff underwent MRI testing and a surgical procedure on August 15, 1995. In the course of the surgery, scar tissue from the earlier surgery in 1991 was found at L5-S1 and removed, subsequent to which the plaintiff's low back discomfort improved and the plaintiff was medically released to return to light work September 11, 1995 and to full unrestricted work October 9, 1995. The surgery did not reveal any new rupture at L5-S1, but Dr. Allen testified that he was satisfied after the surgery that it had been necessary. He opined that when "we don't find a rerupture of the disc, . . . that does not mean he did not redevelop a tear in the wall of that disc that set up an inflammatory response precipitating his leg pain . . . ."
6. The deputy hearing the testimony found the plaintiff's testimony as to his injury credible and the Full Commission has no basis upon which to find it otherwise.
7. The defendants presented as evidence of plaintiff's lack of veracity testimony from his physical therapist, Andrea Martin, that plaintiff had tried to get him/her to approve his painting his roof after the fact the week following his injury after realizing that his employer and the employer's brother had observed him on the roof painting. Although the physical therapist would not give this approval and advised against such activity, the plaintiff told his employer that this activity had been approved by the physical therapist. While this fabrication is regrettable, it does not contradict evidence that plaintiff sustained a work-related injury on May 16, 1995. The defendants have not shown that the plaintiff's activities, while perhaps inadvisable, were outside any restrictions which had been placed upon him by Dr. Allen.
8. On May 16, 1995, the plaintiff sustained an injury to his back in the course and scope of his employment with the defendant-employer as a direct result of a specific traumatic incident of the work assigned which materially exacerbated or aggravated his pre-existing back condition. Plaintiff's surgery on August 15, 1995 was causally related to his May 16, 1995 work-related injury.
9. The defendants presented as evidence of plaintiff's ability to return to work an hour and twenty-minutes of video tape of plaintiff at White Lake on Saturday, July 22, 1995 (three weeks before his surgery) where he is shown in the water which is partially supporting his weight, engaged in soaking and sunbathing. His limited movements therein where not shown to exceed any restrictions placed upon him by Dr. Allen nor does this video tape in any way demonstrate anything whatsoever with respect to plaintiff's ability to return to a regular forty hour or forty-four hour week of work. Neither Dr. Allen nor any other expert medical witness is asked to comment upon what the video depicts.
10. After reaching maximum medical improvement of his back on October 9, 1995, the plaintiff has sustained no permanent disability to his back as a result of the incident of May 16, 1995 which would result in an increase of the 15 percent permanent partial disability rating from the incident of 1991.
11. The plaintiff lost uncompensated time from work as a result of the injury of May 16, 1995 from July 29, 1995 to September 11, 1995.
12. The plaintiff was earning an average weekly wage of $447.27 on May 16, 1995.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 16, 1995, the plaintiff sustained a compensable injury to his back in the course and scope of his employment with the defendant-employer as a direct result of a specific traumatic incident of the work assigned. Plaintiff's injury materially exacerbated or aggravated his pre-existing back condition resulting from a 1991 accidental injury.
2. Plaintiff's surgery on August 15, 1995 was causally related to his May 16, 1995 compensable back injury.
3. The plaintiff is entitled to temporary total disability compensation benefits from May 17, 1995 to September 11, 1995 at the rate of $298.18 per week. Defendant is granted a credit for compensation paid to plaintiff from May 17, 1995 through July 28, 1995. N.C. Gen. Stat. § 97-29.
4. The plaintiff is entitled to no permanent partial disability compensation benefits as a result of the incident of May 16, 1995. N.C. Gen. Stat. § 97-33.
5. Plaintiff is entitled to have defendant provide all medical compensation reasonably necessary as a result of the May 16, 1995 back injury to the extent it tends to effect a cure, give relief or lessen his disability, including the surgery performed by Dr. Glover. N.C. Gen. Stat. §§ 97-25; 97-2(19). Little v. PennVentilator Company, 317 N.C. 206, 345 S.E.2d 204 (1986); Hyler v.GTE Prods. Co., 333 N.C. 258, 425 S.E.2d 698 (1993).
6. Although this case is decided on other grounds, defendant's failure to comply with N.C. Gen. Stat. § 97-18
constitutes a waiver of defendant's right to contest the compensability of or its liability on this claim. N.C. Gen. Stat. § 97-18(d).
7. Defendants did not have reasonable ground to defend this claim before the deputy commissioner. N.C. Gen. Stat. § 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from July 29, 1995 to September 11, 1995 at the rate of $298.18 per week.
2. The defendants shall pay all medical expenses incurred or to be incurred in the future from said injury when bills for the same have been approved according to procedures adopted by the Industrial Commission.
3. An attorney fee of 25 percent of the compensation awarded plaintiff herein is hereby awarded for plaintiff's attorney and shall be paid by defendants.
4. The defendants shall pay the costs of this action.
 S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER